Rivera de Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El Banco y Agencia de Financiamiento de la Vivienda de Puerto Rico, en adelante, Banco de la Vivienda, aquí peticionario, solicita que revisemos una resolución emitida el 5 de junio de 1998, notificada el día 18 del mismo mes y año, mediante la cual el Tribunal de Primera Instancia, Sala Superior de Arecibo, declaró sin lugar una moción de sentencia sumaria presentada por dicha parte.
Una adecuada comprensión del asunto ante nuestra consideración requiere que expongamos brevemente el trasfondo fáctico y procesal del caso.
I
El 6 de febrero de 1997, Miguel A. Morales Soto, Iris Providencia Hernández y la sociedad legal de *1011 gananciales por ellos constituida, presentaron una demanda de daños y perjuicios contra Olga Román Martínez, el Banco de la Vivienda, Resi-Coquí y otros, alegando que las actuaciones de la parte demandada le ocasionaron daños ascendentes a cuarenta mil quinientos ($40,500) dólares, por concepto de gastos incurridos y angustias mentales.
En síntesis, adujeron que Olga Román, habiéndose identificado como vendedora de la Corporación Resi-Coquí, Inc. les requirió un pronto de tres mil ($3,000) dólares como paso previo a efectuar la compraventa de un solar en el Proyecto Villas de Garrochales, en el Barrio Factor de Arecibo. Posteriormente, los demandantes iniciaron la construcción de una vivienda en el referido solar, la cual fue paralizada por la Administración de Reglamentos y Permisos, en adelante, ARPE, por no contar con los permisos de construcción.
Ante ello, alegadamente, Román y el Banco de la Vivienda le entregaron a la parte demandante copia de la escritura del proyecto y ARPE autorizó la construcción. No obstante, la referida agencia paralizó el proyecto nuevamente. Fue celebrada una vista administrativa durante la cual salió a relucir que ni Olga Román ni la Corporación Resi-Coquí, eran dueños de los terrenos, por lo que no estaban autorizados a efectuar transacción de compraventa alguna sobre el referido predio.
Los demandantes consideraron que los co-demandados le debían responder solidariamente e interpusieron la demanda en la fecha antes señalada. La misma fue contestada por el Banco de la Vivienda el 6 de marzo de 1997. Dicha entidad negó, en términos generales, las alegaciones en su contra y presentó varias defensas afirmativas. Posteriormente, el 6 de abril de 1998, el Banco procedió a presentar una moción de sentencia sumaria, la cual fue declarada NO HA LUGAR el 5 de junio de 1998, disponiendo el foro de instancia lo siguiente:

"RESOLUCION

Examinada la solicitud de Sentencia Sumaria, instada por la parte co-demandada, Banco y Agencia de Financiamiento de la Vivienda de Puerto Rico (en adelante Banco de la Vivienda) así como Oposición correspondiente de la parte demandante, el Tribunal declara NO HA LUGAR a la sentencia sumaria solicitada. Ello debido a que a pesar de que la parte demandada acompañó evidencia adicional para controvertir la presentada por la parte demandante, surge de ambos escritos una controversia real en tomo a los hechos del presente caso.

La sentencia sumaria es el mecanismo procesal adecuado y expedito para disponer de los litigios en que no haya una genuina controversia en los hechos esenciales del caso y se haga innecesaria la celebración del juicio en sus méritos. Véase PFZ Properties v. General Accident Insurance, 94 JTS 116; Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp., 119 D.P.R. 83 (1987) y Corp. Presiding Bishop CJC ofLDS v. Purcell, 117 D.P.R. 714 (1986).

NOTIFIQUESE.

En Arecibo, Puerto Rico, a 5 de junio de 1998.

ELISEO GAETAN Y MEJIAS

JUEZ SUPERIOR"

Inconforme con dicha resolución, acude ante nos el Banco de la Vivienda mediante recurso de certiorari presentado el 16 de julio de 1998, señalando los siguientes errores:

"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al declarar sin lugar la solicitud de sentencia sumaria del codemandado Banco de la Vivienda envolviendo el caso de marras una controversia que es a todas luces úna cuestión de derecho adjudicable sumariamente.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al declarar sin lugar la solicitud de sentencia sumaria del codemandado recurrente a pesar de que la parte demandante-recurrida no controvirtió los hechos materiales atinentes a la participación del codemandado Banco de la Vivienda en el caso de marras conforme a las exigencias del ordenamiento

*1012
jurídico vigente.

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al limitarse a declarar sin lugar la solicitud de sentencia sumaria del co-demandado Banco de la Vivienda sin especificar los hechos que entiende están en controversia."

Luego de haberle concedido a la parte recurrida un plazo para expresarse, dicha parte presentó su oposición el 9 de noviembre de 1998. Con el beneficio de la posición de ambas partes, estamos en condiciones de resolver.
II
La Regla 36.3 de las de Procedimiento Civil dispone en lo que respecta a la moción para que se dicte sentencia sumaria y el procedimiento a seguir, lo siguiente:

"La moción se notificará a la parte contraria con no menos de diez (10) días de anticipación a la fecha señalada para la vista. Con anterioridad al día de la vista, la parte contraria podrá notificar contradeclaraciones juradas. La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Podrá dictarse sentencia sumaria de naturaleza interlocutoria resolviendo cualquier controversia entre cualesquiera partes que sea separable de las controversias restantes. Dicha sentencia podrá dictarse a favor o en contra de cualquier parte en el pleito."

Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud y pueden y deben considerar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria, de los cuales surjan admisiones hechas por las partes. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990).
Al dictar sentencia sumaria, el tribunal: (1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. El tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties, Inc., v. General Accident Insurance Company. P.R., Ltd., _ D.P.R. _ (1994), 94 J.T.S. 116, opinión de 7 de septiembre de 1994.
Nuestro Tribunal Supremo ha establecido que el propósito principal de la moción de sentencia sumaria, según dispone la Regla 36 de las de Procedimiento Civil, supra, es propiciar la solución justa, rápida y económica de litigios que no presentan controversias genuinas de hechos materiales; por lo tanto, no ameritan la celebración de un juicio en su fondo. Pilot Life Insurance Company v. Crespo Martínez _ D.P.R. _ (1994), 94 J.T.S. 104, opinión de 13 de julio de 1994. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. Méndez v. Vocero, _ D.P.R. _ (1992), 92 J.T.S. 94, opinión de 30 de junio de 1992.
La Regla 36.2 de las de Procedimiento Civil, permite a un demandado presentar una moción basada o no en declaraciones juradas para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Soto v. Caribe Hilton, _ D.P.R. _ (1994), 94 J.T.S. 128, opinión de 17 de octubre de 1994.
La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar, fuera de toda duda, la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría una sentencia a su favor como cuestión de ley. Hurtado Loire v. Osuma y Fresse, _ D.P.R. _ (1995), 95 J.T.S. 98, opinión de 30 de junio de 1995; Tello Rivera v. Eastern Air Lines, 119 D.P.R. 83 (1987).
*1013 Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. PFZ Properties Inc., v. General Accident Insurance Company, P.R., Ltd., supra.
Cuando existe controversia en relación con los hechos esenciales no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. Bonilla Medina v. P.N.P., _ D.P.R. _ (1996), 96 J.T.S. 33; opinión de 13 de marzo de 1996; Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272 (1990), supra.
Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado, pues de no utilizarse este remedio sabiamente podría despojarse a un litigante de "su día en corte"-, principio elemental del debido proceso de ley. Hay litigios y controversias que por su naturaleza no hacen deseable o aconsejable resolverlos mediante una sentencia sumariamente dictada, en vista de que difícilmente en tales casos el tribunal puede reunir ante sí toda la verdad de los hechos a través de declaraciones juradas o deposiciones. Este es el caso de las controversias donde para llegar a la verdad el factor credibilidad juega no sólo un papel esencial, sino el decisivo y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo. Audiovisual Language v. Sistema de Estacionamiento, _ D.P.R. _ (1997), 97 J.T.S. 147, opinión de 15 de diciembre de 1997.
Por estas razones, su uso procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, (1986); Roth v. Lugo, 87 D.P.R. 386, (1963). Sin embargo, cuando los hechos no están en controversia y sólo se presenta una cuestión de derecho, procede disponer del asunto mediante sentencia sumaria. Mercado Vega v. U.P.R., 128 D.P.R. 273 (1991).
En cuanto a la forma en que el tribunal deberá expresar su determinación, la Regla 36.4 del mismo cuerpo reglamentario provee lo siguiente:

"Si en una moción presentada bajo las disposiciones de esta regla no se dictare sentencia sobre la totalidad del pleito ni se concediere todo el remedio solicitado y fuere necesario celebrar juicio, el tribunal determinará los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos, mediante el examen de las alegaciones y de la evidencia presentada y oyendo argumentos de los abogados en vista oral, únicamente cuando el tribunal lo estime necesario. El tribunal, al emitir su resolución, dictará inmediatamente una orden especificando los hechos sobre los cuales no hay controversia sustancial, incluyendo hasta qué extremo la cuantía de los daños u otra reparación no está en controversia y ordenando los procedimientos ulteriores que sean justos en el pleito. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad."

Surge de la resolución transcrita, la obligación del tribunal de incluir en una resolución declarando sin lugar una solicitud de sentencia sumaria, los hechos que están en controversia y aquellos sobre los cuales no hay controversia sustancial. La solicitud del Banco de la Vivienda a tales efectos está amparada por la Regla 36.4. 
A tenor de lo anterior, es mandatorio que antes de que comience la celebración del juicio, el tribunal de fiel cumplimiento a las disposiciones de la Regla 36.4, supra, y determine los hechos materiales sobre los cuales considera nó existe controversia sustancial y aquellos que de buena fe han sido controvertidos. Así, quedará garantizado el principio básico enunciativo de que debe dársele una solución, justa, rápida y económica a los asuntos pendientes, lo cual facilitará grandemente la gestión judicial y la de las partes litigantes en el proceso.
La omisión del tribunal de instancia de cumplir con el mandato de la Regla 36.4 de Procedimiento Civil, por sí sola amerita la revocación de la sentencia y hace innecesario que evaluemos el resto de *1014 los errores planteados.
m
Por los fundamentos que anteceden, revocamos la resolución recurrida.
Remítase el caso al foro de instancia para que continúen los procedimientos en forma consistente con la presente sentencia.
Lo acordó y ordena el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General